## Jackson et al. v. Mountain Wholesale Grocery Co. et al.

March 26, 1943.

C. W. Napier, C. W. Napier, Jr., and Napier & Napier for appellants.

W. W. Reeves and C. C. Wells for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming in part and reversing in part.

On this appeal it is necessary to determine only two questions: (1) Whether there was sufficient evidence to justify the chancellor's decree setting aside as fraudulent a deed executed on May 1, 1940 by the appellant, Joe Jackson, to his wife and co-appellant, Martha Jackson, conveying, for a recited consideration of $100, a thirty-acre tract of land, and (2) Whether the appellees, Patton Moore Dry Goods Company, Garrard Mills, and Henry Fischer Packing Company, who intervened in the action instituted by the Mountain Wholesale Grocery Company attacking the conveyance under the provisions of KRS 378.010 (KS 1906), were entitled to personal judgments against the husband for the amount of their respective debts.

I. Appellees introduced no evidence, and based their claim of fraud on the fact disclosed by the husband's testimony, under cross-examination, that he was insolvent at the time of the conveyance, and shortly afterward had so notified his creditors; and upon the assertion that he had listed the property for taxation at $600 or $650. But appellants introduced testimony showing that the recited consideration of $100 was paid by the wife in cash at the time of the conveyance; that she had acquired from other sources the money with which to make the payment; that she was young, inexperienced, and ignorant of her husband's financial condition; and that the husband had acquired the property for a consideration of $75 in 1939. While it must be conceded that the circumstances under which the conveyance was made were such as to create a strong suspicion of fraud, we cannot say, in the absence of evidence, that the consideration paid by the wife was inadequate, or that the chancellor was justified in disregarding the positive evidence of good faith on the part of the wife.

Appellees' assertion that the husband had listed the property in question for taxation at $600 or $650 is based upon his answer to the question asked him on cross-examination: "How much did you turn that in for"? But a reading of the context indicates that the word "that" was understood by the witness to refer to all of his real estate, including the property which he conveyed to his wife; and since no records were introduced, we are unable to say that there was any evidence that the particular property in question was worth more, or had been listed for taxation at a higher figure than the amount which his wife swears she paid him for it. Lyon et al. v. Harris et al., 275 Ky. 299, 121 S. W. (2d) 696.

II. No summons were issued or served on the intervening petitions, and appellants, specially entering their appearance for that purpose, moved to strike them on that and other grounds. However, when the court overruled the motion appellants replied, traversing so much of the intervening petitions as attacked the conveyance, and thus entered their appearance.

So much of the judgment appealed from as sets aside the conveyance of May 1, 1940 from the appellant,

Joe Jackson to the appellant, Martha Jackson, and decrees the sale of the property thereby conveyed is reversed; and in all other respects the judgment is affirmed.